2022 IL App (2d) 200508-U
No. 2-20-0508
Order filed March 16, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of McHenry County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Nos. 13-CF-723 17-CF-944 |
| | ) | |
| JOSHUA D. HACHMEISTER, | ) ) | Honorable Robert A. Wilbrandt Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Justices McLaren and Hudson concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court did not abuse its discretion where it dismissed defendant's section 2-1401 petition challenging his guilty plea to possession of a weapon without a Firearm Owner's Identification Card. Defendant claimed that a witness had recanted, but he neither specified how that recantation served as a defense to the weapons charge nor provided an affidavit from the witness. He also did not demonstrate diligence in presenting his defense that he did not possess the firearms; for instance, he waited months before filing his petition after allegedly learning of the recantation.

¶ 2    Defendant, Joshua D. Hachmeister, appeals the trial court's order dismissing his petition brought under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). Defendant pleaded guilty to possession of a firearm without a Firearm Owner's

Identification (FOID) card (430 ILCS 5/65-2(a)(1) (West 2016)). He petitioned to vacate that conviction after allegedly learning that the charge resulted from false information provided by his sisters. He contends that the trial court erred in finding that the petition's allegations failed to state with specificity a viable defense to the charge or that he exercised due diligence in presenting the claim. We affirm.

¶ 3                                 I. BACKGROUND

¶ 4     Defendant was charged in case No. 17-CF-944 with multiple offenses, including unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). On March 1, 2018, he pleaded guilty to, *inter alia*, a reduced charge of possession of a firearm without a FOID card and was sentenced to 30 months' probation and 180 days in jail, with the jail time considered fully served. That same day, he also pleaded guilty in case No. 13-CF-723 to an unrelated charge of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(2), (d)(1)(A) (West 2012)), for which he was sentenced to 5½ years' imprisonment. The factual basis for the weapons charge was that (1) the State "would call witnesses" to testify that defendant knowingly possessed a firearm, without having a FOID card, and (2) due to prior convictions, defendant could not have obtained such a card.

¶ 5     The State petitioned to revoke defendant's probation, alleging that he had been subsequently charged with another DUI in Du Page County. At a status hearing on December 16, 2019, defendant complained that the Wonder Lake Police Department had fabricated evidence against him in case Nos. 13-CF-723 and 17-CF-944 and that, had he known this, he would not have pleaded guilty. He claimed that his appointed public defender had ignored his complaints. The trial court appointed Thomas Carroll as special public defender to help defendant prepare a petition pursuant to section 2-1401 of the Code.

¶ 6    On March 2, 2020, defendant filed his section 2-1401 petition, which he subsequently supplemented with his affidavit.  He alleged that, sometime in mid-2019, his sister learned that the statement she gave the police, leading to his arrest on weapons charges, was false, brought about by another sister's "fabricating."  Defendant agreed to the plea "under duress because one sibling had fraudulently convinced another to make a false statement."  Defendant "also had a mistake of fact that the evidence was enough to convict."  Defendant had "witnesses ready, willing, and able to testify" that he did not possess any firearms on the date in question, "but instead a sibling had control of the firearms and had fraudulently convinced another sibling that [defendant] was the one who had gathered them."  The petition stated that it would be supplemented with one sister's affidavit, though no such affidavit was ever filed.  Defendant did proffer that he would not be able to obtain an affidavit from the sister who initially made the false statement, as she would invoke the fifth amendment.

¶ 7    The trial court granted the State's motion to dismiss the petition.  The court found that the petition failed to allege specifically a meritorious defense or establish defendant's diligence.  Defendant timely appeals.

¶ 8                                II. ANALYSIS

¶ 9    Defendant contends that the trial court erred in dismissing his petition, because he demonstrated a meritorious defense and due diligence in presenting it.  Section 2-1401 establishes a comprehensive, statutory procedure to challenge a final judgment more than 30 days after its entry.  *People v. Vincent*, 226 Ill. 2d 1, 7-8 (2007).  The statute further requires that the petition be supported by affidavit or other appropriate evidence of facts not in the record.  735 ILCS 5/2-1401(b) (West 2018).  Relief under section 2-1401 is predicated upon proof, by a preponderance of the evidence, of (1) a defense or claim that would have precluded the entry of the original

judgment and (2) diligence in both discovering the defense or claim and presenting the petition. *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986). Although section 2-1401 is primarily a civil remedy, it is also available in criminal cases. *Vincent*, 226 Ill. 2d at 8. Where, as here, a 2-1401 petition presents a fact-dependent challenge, the circuit court's ultimate decision is reviewed for an abuse of discretion. *Warren County Soil & Water Conservation District v. Walters,* 2015 IL 117783, ¶ 51. For the reasons expressed below, we hold that the trial court did not abuse its discretion.

¶ 10    Defendant's petition includes no specific facts demonstrating a newly discovered defense that would have prevented the rendition of the original judgment (which was based on defendant's guilty plea). We note initially that defendant's petition does not include any affidavits other than his own. He does not even name the purported witnesses who would testify for him, much less set forth with any specificity their proposed testimony.

¶ 11    The petition also lacks specifics regarding the evidence against defendant such as the number of witnesses involved and his sister's incriminating statement. Without this information, it is difficult to assess the materiality of the other sister's alleged recantation.

¶ 12    In any event, the crux of defendant's defense as outlined in his affidavit is that he did not possess the guns that formed the basis of the charge. But if the guns were not his, he must have known this when he pleaded guilty. And, by extension, he would have known that anyone claiming otherwise was either mistaken or lying. However, he chose to accept a relatively lenient offer to plead guilty to a reduced charge in exchange for probation and time served.

¶ 13    His sisters' recently discovered machinations (unsupported by affidavit or other evidence) may explain how the police found out about the guns, but they do not establish a defense— defendant's nonpossession of the guns—that was not available before the guilty plea.

¶ 14    Nor does defendant establish diligence.  As noted, the critical alleged fact—that the guns were not his—was known to him before the guilty plea.  He alleges that he was prevented from filing a motion to withdraw his March 2018 guilty plea because he was on lockdown in the jail, but this does not explain why he pleaded guilty in the first place.  Nor could the lockdown have prevented him from seeking to withdraw his guilty plea based on his sisters' chicanery when he did not learn of it until mid-2019, well *after* the deadline for filing a motion to withdraw.  And, once possessing that knowledge, he waited until December of 2019 (after the State had petitioned to revoke his probation) to seek new counsel to file a petition.  Even after a special public defender was appointed, defendant did not file the petition for another four months.

¶ 15    Defendant attempts to escape the above conclusions by asserting that he pleaded guilty under "duress because one sibling had fraudulently convinced another to make a false statement." The duress that defendant alleges is that the State had witnesses willing to testify against him.  This is the case in virtually every guilty plea.  If the existence of State witnesses were sufficient to render a guilty plea involuntary, most guilty pleas would be subject to withdrawal at will. Defendant does not explain why the fact that the witnesses were his family members created more duress than if the witnesses had been unrelated.

¶ 16                                 III. CONCLUSION

¶ 17    For the foregoing reasons, we affirm the judgment of the circuit court of McHenry County.

¶ 18    Affirmed.